900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Earl Scott SELLARS, Defendant-Appellant.
 No. 89-5175.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 5, 1990.
Decided: March 23, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (CR No. 88-422)
 Charles Benjamin Patterson, Greenville, S.C., for appellant.
 Robert Claude Jendron, Jr., Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Earl Scott Sellars appeals his conviction of conspiracy to possess with intent to distribute cocaine (21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B), and 846). Sellars's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal. Sellars did not file a supplemental pro se appeal brief. In accordance with Anders, supra, we examined the entire record in this case and found no meritorious issues for appeal. We briefly address the issue raised by counsel.
 
 
 2
 Sellars contends that his sentence under the guidelines should be computed based on his personal responsibility for two ounces of cocaine, not the entire nineteen ounces of cocaine that was in the conspiracy. Upon review of the record, we find that Sellars pled guilty to conspiring to distribute more than 500 grams but less than five kilograms, and was sentenced for an amount within that range--nineteen ounces converts to 538 grams.
 
 
 3
 Where a defendant is convicted of conspiracy, yet only participated in transactions involving small quantities of drugs, if reasonably foreseeable, the entire amount of drugs distributed by co-conspirators is taken into account in sentencing under the guidelines. United States v. Vinson, 886 F.2d 740 (4th Cir.1989). The district court found that although Sellars only admitted personal involvement of two ounces of cocaine, it was reasonably foreseeable that the conspiracy included nineteen ounces of cocaine. These findings are supported by the record; they are not clearly erroneous.
 
 
 4
 Finding no merit in Sellars's contentions, and finding no error upon review of the entire record, we affirm the judgment of conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council implementing the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A, court appointed counsel has the obligation to advise Sellars of his right to petition the Supreme Court for a writ of certiorari and, if Sellars desires him to do so, prepare the necessary papers. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED